UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| SETH T. CAREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:25-cv-00356-SDN |
| | ) | |
| TOWN OF RUMFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Seth Carey sued the Town of Rumford, where he lives, over a property dispute. ECF No. 1. According to his Complaint, he plans to open a winery on his family's property, including a stage for live entertainment in a field adjacent to the winery. But the Town, which owns a fire station next door, claims it owns the field. When Mr. Carey began to build the stage, the Town told him he must remove his property from the Town's field because he was trespassing. Mr. Carey claims the Town failed to meet the conditions of a restrictive covenant covering the field, so ownership reverted from the Town to Mr. Carey's predecessor in interest.

On the same day he filed his Complaint,[1] Mr. Carey moved for a temporary restraining order (TRO) and preliminary injunction requiring the Town to "cease hindering Plaintiff in his efforts to finish the entertainment venue." ECF No. 3. The motion for a TRO is denied.

---

[1] In the cover letter to his Complaint, Mr. Carey requests permission to file this lawsuit because he is subject to a *Spickler* order in Maine state court. *See Spickler v. Key Bank of S. Maine*, 618 A.2d 204, 207 (Me. 1992) (explaining that courts "may enjoin a party from filing frivolous and vexatious lawsuits"). However, the state court filing restriction on its own does not affect Mr. Carey's ability to sue in federal court.

Federal Rule of Civil Procedure 65(b)(1) permits a court to issue a TRO without notice to the adverse party only if two requirements are met. First, "specific facts in an affidavit or a verified complaint [must] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Second, the "movant's attorney [must certify] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

Those rules have a purpose. They "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). Thus Rule 65(b)(1) "establish[es] minimum due process" standards, and parties must "strictly comply." *Pelletier v. Dep't of Corr.*, No. 22-CV-00260, 2022 WL 3700671, at *1 (D. Me. Aug. 26, 2022) (quoting *Strahan v. O'Reilly*, No. 22-CV-52, 2022 WL 788623, at *1 (D.N.H. Feb. 16, 2022)).

Mr. Carey has failed to comply with Rule 65(b)(1)'s requirements. He has not submitted any affidavits, his complaint is not verified because it does not "expressly attest to the truth of the allegations therein," *Demmons v. Tritch*, 484 F. Supp. 2d 177, 182 (D. Me. 2007), and he has not certified any efforts to notify the Town.[2] Accordingly, Mr. Carey is not entitled to an *ex parte* TRO.

---

[2] While Rule 65(b)(1)(B) references a movant's attorney making such a certification, the rule also applies to unrepresented litigants like Mr. Carey. *See Pelletier v. Dep't of Corr.*, No. 22-CV-00260, 2022 WL 3700671, at *1 (D. Me. Aug. 26, 2022).

## CONCLUSION

For the foregoing reasons, the motion for a temporary restraining order, ECF No. 3, is **DENIED**. Because it is not ripe for adjudication at this stage, I **RESERVE RULING** on Mr. Carey's request for a preliminary injunction.

**SO ORDERED.**

Dated this 15th day of July, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**
