UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SETH T. CAREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:25-cv-00356-SDN |
| | ) |
| TOWN OF RUMFORD, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

In this action, Plaintiff Seth Carey brings a variety of property, constitutional, and statutory claims against the Defendant Town of Rumford ("the Town") pertaining to the real property located at or near 1746 U.S. 2, Rumford, Maine ("the property"). Specifically, there exists a dispute over the ownership of a field adjacent to property owned by Mr. Carey's family, on which he asserts his intention to open a winery and construct a stage for live entertainment. As alleged by Mr. Carey, when he began to construct the stage, the Town told him to remove his property and issued a cease-and-desist letter. In his Complaint, Mr. Carey claims the Town failed to meet the conditions of a restrictive covenant covering the field, so ownership has reverted from the Town to Mr. Carey's predecessor in interest.[1] Mr. Carey now seeks injunctive relief, in the form of both a temporary restraining order (TRO) and preliminary injunction, requiring the Town to "cease hindering Plaintiff in his efforts to finish the entertainment venue." ECF No. 9 at 9. Mr. Carey also moves to consolidate the instant action with a state court action brought

---

[1] Mr. Carey alleges that the deed granting the property to the Town, dated February 18, 1808, states, "if this land ever ceases to be used as a school, the land reverts back to landowner." ECF No. 1 at 3. Further, Mr. Carey states that "around the 1950s," the school that was located on the property was torn down by the Town, or another entity, and a new school or educational facility was never built. *Id*. Accordingly, Mr. Carey contends that "the restrictive covenant running with the land reverts back to the original land," meaning his family. *Id*.

1

by the Town pertaining to the same dispute over the property. For the reasons discussed below, each of Mr. Carey's motions are denied.

## PROCEDURAL HISTORY

Mr. Carey filed his initial Complaint on July 14, 2025 seeking, *inter alia*, a declaratory judgment that the purported restrictive covenant is valid and enforceable against the Town, an injunction enjoining the Town from continued pursuit of the real property in question, and damages stemming from the Town's conduct. *See* ECF No. 1. On the same day, Mr. Carey moved for a TRO and preliminary injunction requiring the Town to "cease hindering Plaintiff in his efforts to finish the entertainment venue." ECF No. 3 at 7. On July 15, 2025, I denied Mr. Carey's motion with respect to the TRO due to his failure to satisfy the standard under Federal Rule of Civil Procedure 65(b)(1) to allow a court to issue such relief without notice to the adverse party, and reserved ruling on the request for a preliminary injunction until it became ripe for adjudication. ECF No. 5.

On July 25, 2025, Mr. Carey filed a second motion requesting both a TRO and preliminary injunction against the Town. ECF No. 9. On August 15, 2025, the Town filed its Response/Objection to Mr. Carey's motion, arguing both that Mr. Carey lacks standing to assert claims concerning the real property in dispute and that Mr. Carey has failed to meet the legal standard required for either a TRO or preliminary injunction. ECF No. 14 at 7–8. On August 25, 2025, Mr. Carey moved to consolidate the instant case with a state court action brought by the Town against Mr. Carey concerning the same real property located at 1746 U.S. 2. ECF No. 15. On September 11, 2025, the Town filed its Objection to Mr. Carey's motion to consolidate, arguing that this Court lacks subject-matter jurisdiction to consider the pending state court action. ECF No. 16.

## DISCUSSION

### I. Motion for Injunctive Relief

"To grant a preliminary injunction, a district court must find the following four elements satisfied: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) a balance of equities in the plaintiff's favor, and (4) service of the public interest." *Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc.*, 794 F.3d 168, 171 (1st Cir. 2015). "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that [it] is likely to succeed in [its] quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002) (citing *Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir. 1993)). However, "[i]njunctive relief is an extraordinary and drastic remedy that is never awarded as of right." *Calvary Chapel of Bangor v. Mills*, 459 F. Supp. 3d 273, 282 (D. Me. 2020) (quoting *Monga v. Nat'l Endowment for Arts*, 323 F. Supp. 3d 75, 82 (D. Me. 2018)) (citation modified). "The standard for issuing a temporary restraining order is the same as for a preliminary injunction . . . ." *Bourgoin v. Sebelius*, 928 F. Supp. 2d 258, 267 (D. Me. 2013) (citation omitted).

### A. Likelihood of Success

"Likelihood of success is the main bearing wall of the four-factor framework." *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 16 (1st Cir. 1996). On this issue "the district court is required only to make an estimation of likelihood of success and 'need not predict the eventual outcome on the merits with absolute assurance.'" *Corp. Techs., Inc. v. Harnett*, 731 F.3d 6, 10 (1st Cir. 2013) (quoting *Ross-Simons*, 102 F.3d at 16). Failure to demonstrate a likelihood of success of the merits is

ordinarily dispositive. *See New Comm Wireless Servs.*, 287 F.3d at 9. On the other hand, "[a]s a matter of equitable discretion, a preliminary injunction does not follow as a matter of course from a plaintiff's showing of a likelihood of success on the merits." *Benisek v. Lamone*, 585 U.S. 155, 158 (2018) (per curiam). In the final analysis, "trial courts have wide discretion in making judgments regarding the appropriateness of such relief." *Francisco Sánchez v. Esso Standard Oil Co.*, 572 F.3d 1, 14 (1st Cir. 2009) (citation omitted).

At this juncture, I find that Mr. Carey has failed to demonstrate that he is likely to succeed on the merits of his complaint, as is required for the issuance of either a TRO or preliminary injunction. In his motion, Mr. Carey asserts that the Town has lost its right to the property through a restrictive covenant running with the land. ECF No. 9 at 2.[2] According to Mr. Carey, the covenant "purportedly stated the land had to be used for a school and should it cease to be so used, it would revert back to the original land." *Id*. Because the land in question has not contained a school or educational facility since the 1950s, Mr. Carey asserts that the restrictive covenant running with the land reverts back "to the original land," which belongs to his family. ECF No. 1 at 3. As of the date of this Order, Mr. Carey has not provided the Court with a copy of this restrictive covenant or the deed containing the covenant. Further, even assuming that such restrictive covenant exists and is enforceable, Mr. Carey has not demonstrated to this Court that his family would be the successors in interest of the property.

In contrast, in its opposition, the Town has provided the Court with documentation supporting its claim to the property and showing that the Town has been in possession of

---

[2] Mr. Carey states that the restrictive covenant is "contained in the deed from February 18, 1808, from Jebediah Hardy to the Inhabitants of the Town of Rumford." ECF No. 1 at 3.

4

the property in question for over 40 years. *See* ECF No. 14 at 8; ECF No. 14-1. Notably, the Town has provided deeds for the property from 1912 and 1915 which make no mention of Mr. Carey or his family's interest in the land, or the purported restrictive covenant. *See* ECF No. 14-1 at 23–24.

As such, that I find that Mr. Carey has failed to demonstrate a likelihood of success on the merits so as to justify either form of injunctive relief against the Town. Because the likelihood of success on the merits is considered "the main bearing wall of the four-factor framework," *Ross-Simons*, 102 F.3d at 16, and is ordinarily dispositive, I deny Mr. Carey's motions for injunctive relief without consideration of the remaining factors.[3]

## II. Motion to Consolidate

In his Motion to Consolidate, Mr. Carey requests that I consolidate this instant federal action with state court action *Town of Rumford v. Seth T. Carey & Rev. John Elliot Stand, LLC*, No. OXFSC-CIV-2025-40, filed by the Town in the State of Maine Superior Court. ECF No. 15.[4] Mr. Carey argues that consolidation is justified under Maine Rule of Civil Procedure 42(a) because both cases "share common questions of law and fact regarding the same exact real property." *Id.* at 1. The Town objects to such consolidation and contends that this Court lacks subject-matter jurisdiction to hear the pending state action. ECF. No. 16.

---

[3] As noted above, I previously reserved ruling on Mr. Carey's original motion for a preliminary injunction (ECF No. 3) until it became ripe for adjudication. *See* ECF No. 5. For the same reasons described in this Order, that motion for a preliminary injunction is now also denied, along with Mr. Carey's second motion for both a TRO and preliminary injunction (ECF No. 9).

[4] Although both Mr. Carey and the Town refer to the state court action as Docket No. OXFSC-RE-2025 in their filings, it appears Docket No. OXFSC-CIV-2025-40 may be the correct docket number. In any event, there is no dispute as to which state court action is at issue.

As an initial matter, I will evaluate Mr. Carey's motion to consolidate under Federal Rule of Civil Procedure 42(a), the federal analogue to the Maine state rule cited by Mr. Carey. The relevant portion of Rule 42(a) states that "[i]f actions *before the court* involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2) (emphasis added). Here, because only the instant federal action is before the Court and not the state court action, Rule 42 is inapplicable and does not provide a basis for consolidation.

To the extent that Mr. Carey's motion to consolidate can be understood as a notice of removal of the state court action to federal court under 28 U.S.C. § 1441,[5] I find that Mr. Carey has not established a legal basis for removal to federal court. The state court action involves purely questions of state law and causes of action and all parties involved in the litigation are citizens of the State of Maine. Accordingly, it appears this Court would not have original jurisdiction over the state action to allow removal to federal court.

## CONCLUSION

For the foregoing reasons, Mr. Carey's motions for a temporary restraining order and preliminary injunction, ECF No. 3 and ECF No. 9, are **DENIED**. Likewise, the motion to consolidate cases, ECF No. 15, is **DENIED**.

**SO ORDERED.**

Dated this 22nd day of October, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**

---

[5] "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).